## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## LESLIE METAL ARTS COMPANY, INC., Respondent.

### No. 72–1227.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 19, 1972.

Decided Nov. 10, 1972.

Marcel Mallet-Prevost, Asst. General Counsel, Charles N. Steele, Arthur L. Fox, II, Russell H. Gardner, N. L. R. B., Washington, D. C., Jerome H. Brooks, Director, Detroit, Mich., for petitioner.

J. Michael Guenther, James A. Engbers, Henry L. Guikema, Peter J. Kok, Stephen C. Bransdorfer, Grand Rapids, Mich., for respondent.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and CECIL, Senior Circuit Judge.

On Application for Enforcement of an Order of the National Labor Relations Board.

The Board petitions for enforcement of its order reported at 194 NLRB No. 20. The order requires the posting of the usual notices and in addition requires the respondent to bargain collectively with International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), as exclusive representative of the employees in the described unit. The Board relied upon NLRB v. Gissel, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).

In the Trial Examiner's findings (App. pg. 26 et seq.), he concludes that the formation of the Employee Communication Committee amounted to the creation of a company union in violation of Section 8(a)(2). The examiner further found:

"Although this case is generally free of the more common forms of encroachment upon employees' self-organizational rights—except for Tassell's speech to the assembly department—nevertheless, the unfair labor practices found are of such pervasive nature that 'the possibility of erasing the effects of past practices and of ensuring a fair election (or a fair rerun) by the use of traditional remedies . . . is slight . . .' [citing Gissel, 395 U.S. at 614, 89 S.Ct. 1918]. Accordingly, a bargaining order is required to remedy effectively the Company's conduct."

The Board on review modified the findings and concluded that the wage review and the potluck dinner (the principal objectionable activities) which the Examiner found objectionable had been planned prior to the organizing activities and were not motivated by unlawful considerations. The other findings and the conclusions and the balance of the order were affirmed.

An examination of the record by this Court demonstrates that Tassell's speech to the assembly department was a single incident of no great importance, although there were some veiled threats. Clearly, the formation of the Employee Communication Committee was a violation of the Act. We do not find any substantial evidence to support the conclusion that the unfair labor practices, as found by the Board, are of such pervasive nature as to eliminate the possibility of fair election.

It is, therefore, ORDERED that enforcement of the Board's order be granted, except that portion of the order which requires the employer to enter into collective bargaining with the UAW. As to that aspect of the order enforcement is denied.